Filed 8/24/15  P. v. Amoros CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>REINALDO A. AMOROS,<br><br>  Defendant and Appellant. | 2d Crim. No. B261036<br>(Super. Ct. No. BA406420-02)<br>(Los Angeles County) |

Reinaldo A. Amoros appeals a judgment after conviction by jury of attempted robbery.  (Pen. Code, §§ 664, 211.)[1]  Amoros admitted he suffered two prior serious felony convictions within the meaning of sections 667, subdivision (a)(1); 667.5, subdivisions (b) through (i); and 1170.12, subdivisions (a) through (e).)  The trial court struck one prior strike and sentenced Amoros to 16 years in state prison, consisting of the three-year upper term, doubled for the strike, plus 10 years for the enhancements.

We appointed counsel to represent Amoros in this appeal.  After examining the record, his counsel filed an opening brief requesting the court to make an independent review under *People v. Wende* (1979) 25 Cal.3d 436.  On May 28, 2015, we advised Amoros that he had 30 days within which to personally submit any contentions or issues that he wished us to consider.  We received no response.

---

[1] All statutory references are to the Penal Code.

At 3:30 on a January morning, Amoros and a companion approached Juan Jose Elias who was drunk and waiting for a taxi at a gas station. Elias held a box of beer. Amoros told Elias to give him the beer. When Elias refused, Amoros's companion cut Elias's neck with something sharp. Elias grabbed onto Amoros's jacket as he began to faint from blood loss. The incident was captured on video surveillance, and Elias identified Amoros at trial. Blood on Amoros's jacket matched Elias's DNA.

We are satisfied that Amoros's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende, supra*, 25 Cal.3d at pp. 441, 443.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

William N. Sterling, Judge

Superior Court County of Los Angeles

_____

Erik Harper, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.